**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCOS A. FUENTES,**

      **Plaintiff,**

v.                                                                                                            **Case No:   6:19-cv-1350-Orl-EJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**
_____/

**ORDER**[1]

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). The Court has reviewed the record, including the administrative law judge's ("ALJ") decision, the administrative record, and the joint memorandum of the parties. After due consideration, the Court determines that the Commissioner's final decision is due to be reversed.

**I.    PROCEDURAL BACKGROUND**

On September 16, 2015, Plaintiff filed an application for SSI, alleging disability due to his severe sleep apnea, severe diabetes, severe injury to right ankle, morbid obesity, high blood pressure, asthma, obstructed veins in legs, and depression. (Tr. 47.)[2] In the application, Plaintiff indicated that his alleged onset date of disability was January 1, 2003. (Tr. 48.) Plaintiff's claim was denied initially and upon reconsideration. (Tr. 73, 78–85.) After an administrative hearing (Tr.

---

[1] On October 22, 2019, both parties consented to the exercise of jurisdiction by a United States magistrate judge. (Doc. 16.) The case was referred by an Order of Reference for all further proceedings on October 24, 2019. (Doc. 18.)
[2] The parties noted that Plaintiffs' SSI application is not in the record. (Doc. 17 at 1 n.1.)

32–46), the ALJ issued a decision finding Plaintiff not disabled (Tr. 9–26). The Appeals Council denied Plaintiff's request for review (Tr. 1–8), and he now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) (Doc. 1).

**II.     STANDARD**

An individual is considered disabled and entitled to disability benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating a disability claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.

2. If the impairment is determined not to be severe—i.e., if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.

3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.

4. If the claimant has the residual functional capacity ("RFC") to perform past work, then the claim is denied.

5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

*See* 20 C.F.R. §§ 416.920–416.976.

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application date of September 16, 2015. (Tr. 14.) At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, osteoarthritis of the left knee, history of right ankle fracture, asthma, obstructive sleep apnea, diabetes mellitus with peripheral neuropathy, hypertension, and obesity. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.926. (Tr. 15.) The ALJ then determined that Plaintiff had the RFC to perform:

> light work as defined in 20 C.F.R. § 416.967(b) except requires a sit/stand option every 30 minutes; no kneeling, crouching, or crawling; no more than occasional climbing, balancing, and stooping/bending; no concentrated exposure to extreme cold, humidity, vibrations, moving mechanical parts, or unprotected heights; and requires a straight cane to reach the workstation, but does not require it at the workstation.

(Tr. 15) (alterations in original). The ALJ did not do a step four analysis, as he found that Plaintiff did not have past relevant work. (Tr. 19.) The ALJ concluded the analysis at step five, finding that in light of Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 20) Such jobs are ticket seller, labeler, and warehouse checker. (*Id.*)

### III. SCOPE OF JUDICIAL REVIEW

On judicial review, a Court may determine only whether the ALJ correctly applied the legal standards and if the ALJ's findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)). A Court may "not reweigh the evidence or substitute [its] own judgment for that

of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766, 774 (11th Cir. 2019) (citing *Lewis*, 125 F.3d at 1439). A Court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009). "Even if the evidence preponderates against the [Commissioner's] findings, [the Court] must affirm if the [Commissioner's] decision is supported by substantial evidence. *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford*, 363 F.3d at 1158–59).

## IV.   DISCUSSION

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to limit Plaintiff's standing/walking capacity to 4 hours out of an 8-hour workday. (Doc. 17 at 15.) The ALJ found that Plaintiff could perform light work, with some limitations. (Tr. 19.) However, he did not limit how long Plaintiff could walk or stand in an 8-hour workday. (*Id.*) As such, the ALJ implicitly adopted the walking/standing requirements for light work as defined in the regulations and Social Security Ruling. Specifically, Social Security Ruling 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately *6 hours* of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (italics added). Thus, the ALJ found that Plaintiff has the RFC to walk or stand about 6 hours out of an 8-hour workday.

However, two physicians , Karen Marrero, M.D., a physical consultative examiner, and P.S. Krishnamurthy, M.D., a non-examining, state agency medical consultant, opined that Plaintiff

could walk or stand for only 4 hours in an 8-hour workday. (Tr. 69, 408–410.) With respect to these opinions, the ALJ said the following:

> As for opinion evidence, I give significant weight to the opinion of Dr. Krishnamurthy. I note this consultant is a highly qualified physician . . . who is an expert in the evaluation of the medical issues in disability claims under the Social Security Act. . . . Furthermore, the opinions are supported by detailed explanation, rationale, and analysis of the medical evidence of record available at the time of Dr. Krishnamurthy's review. I give little weight to the opinion of Dr. Marrero . . . that the claimant can only stand/walk 4 hours a day, as it is not consistent with exam findings and the other medical evidence of record.

(Tr. 19) (alternations in original). Confusingly, the ALJ does not address Dr. Krishnamurthy's identical opinion that Plaintiff can walk for only 4 hours per day, instead of the 6 hours necessary to perform light work. (*Id.*)

Plaintiff contends that the ALJ committed reversible error by affording conflicting weights to Dr. Krishnamurthy's and Dr. Marrero's opinions on an issue where they expressed the same opinion and without an explanation as to why Dr. Krishnamurthy's walking/standing limitation was not adopted in the RFC. (Doc. 17 at 17.) In support, Plaintiff relies on two cases from this District, *Gilliam v. Berryhill*, No. 3:17-cv-298-J-JRK, 2018 WL 1531916 (M.D. Fla. Mar. 29, 2018) and *Rosario v. Comm'r of Soc. Sec.*, No. 6:12-cv-1687-Orl-GJK, 2014 WL 667797 (M.D. Fla. Feb. 20, 2014). (*Id.*) The Commissioner, in response, argues that the ALJ did not commit reversible error because the ALJ "would only be required to adopt all of a medical source's limitations if he accorded a medical opinion 'controlling weight.'" (*Id.* at 24) (citing to SSR 96-2p, 1996 WL 374188, *2 (July 2, 1996)). The Commissioner goes on to explain that only treating physicians can be afforded controlling weight. (*Id.* at 24–25). Thus, as the Commissioner's argument goes, Dr. Krishnamurthy is not a treating physician, so the ALJ was not required to adopt all the doctor's findings.

Upon review of the legal authority, the Court does not read SSR 96-2p so broadly and finds *Rosario* persuasive. In *Rosario*, a non-examining physician opined, among other things, that the claimant's residual functional capacity was limited to work in "low stress settings." *Rosario*, 2014 WL 667797, at *1 (internal quotation marks omitted). The administrative law judge gave "significant weight" to the non-examining physician's opinion, yet did not include a "low stress settings" limitation in the claimant's residual functional capacity. *Id.* at *2. The court explained that the "[administrative law judge] … is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination" that match the limitations from an opinion that was afforded significant weight. *Rosario*, 2014 WL 667797, at *2 (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011)); *Monte v. Astrue*, No. 5:08–cv–101–Oc–GRJ, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009)). Consequently, the court found that the administrative law judge "should have provided a reasoned explanation as to why she did not include or otherwise account for that limitation in her [residual functional capacity] determination or in her hypothetical questions to the [vocational expert]." *Rosario*, 2014 WL 667797, at *3 (relying on *Green v. Comm'r of Soc. Sec.*, Case No. 6–12–cv–357–Orl–28KRS, 2013 WL 625063 (M.D. Fla. Jan. 23, 2013)), *report and recommendation adopted*, 2013 WL 625576 (M.D. Fla. Feb. 20, 2013). Without an explanation, the court concluded that the administrative law judge's decision was not supported by substantial evidence, and remanded and the case. *Rosario*, 2014 WL 667797, at *3.

The issue at bar is identical to the one presented in *Rosario*. Here, the ALJ gave significant weight to the entirety of a non-examining physician's opinion, yet failed to explain why he did not include one of the non-examining physician's limitations in either the Plaintiff's RFC or the

hypothetical question to the Vocational Expert. As such, the Court finds that the ALJ's decision is not supported by substantial evidence, and the instant case is due to be remanded.

Plaintiff's argument as to whether it was inappropriate to afford partial weight to Dr. Marrero, while affording significant weight to Dr. Krishnamurthy's opinion, need not be addressed further because the case is being remanded to the Commissioner for further consideration. *See, e.g.*, *Demenech v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case as to one issue); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it was unnecessary to review other issues raised on appeal where remand was required and such issues would likely be reconsidered in the subsequent proceedings).

## V.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with the findings of this Order.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record